

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*

**United States Bankruptcy Judge**

Signed August 16, 2011

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PIONEER AUSTIN EAST | § | Case No. 10-30177 HDH-11 |
| DEVELOPMENT I, LTD. | § | |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| PIONEER AUSTIN EAST | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 10-3199 |
| | § | |
| PIONERG, INC.; GRENCORP | § | |
| MANAGEMENT, INC.; 20-20 | § | |
| MANAGEMENT COMPANY, INC.; and | § | |
| PIONERG, LLC | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SUMMARY JUDGMENT MOITONS - Page 1**

§

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SUMMARY JUDGMENT MOITONS  - Page 2**

| | |
|---|---|
| **GRENCORP MANAGEMENT, INC.** | § § § § |
| Intervenor | § |
| | § § |
| **20-20 MANAGEMENT COMPANY, INC.** | § § § |
| Cross-Claimant | § § § |
| v. | § § § |
| **GRENCORP MANAGEMENT, INC.** | § § § |
| Cross-Defendant | § § § |
| | § § |
| **GRENCORP MANAGEMENT, INC. and PIONEER 40 LLC** | § § § § |
| Third Party Plaintiffs | § § § |
| v. | § § § |
| **PIONEER AUSTIN EAST DEVELOPMENT IC, LTD. and LIBERTY BANKERS LIFE INSURANCE COMPANY** | § § § § § § § |
| Third Party Defendants | § § § |
| | § § |
| **LIBERTY BANKERS LIFE INSURANCE COMPANY** | § § § § |
| Cross-Claimant | § § § |
| v. | § § § |
| **PIONEER AUSTIN EAST DEVELOPMENT IC, LTD.** | § § § § |
| Cross-Defendant | § § § |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SUMMARY JUDGMENT MOITONS - Page 3**

| | |
|---|---|
| **LIBERTY BANKERS LIFE INSULANCE COMPANY** | § § § § |
| Counter-Claimant | § § |
| v. | § § |
| **GRENCORP MANAGEMENT, INC. and PIONEER 40 LLC** | § § § § |
| Counter-Defendants | § § § |
| **PIONEER 40 LLC** | § § § |
| Cross-Defendant | § |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW
# ON SUMMARY JUDGMENT MOTIONS

On August 15, 2011, this Court considered the *Amended Motion for Summary Judgment to Correct Named Party* filed by Grencorp Management, Inc. ("Grencorp")and Pioneer 40 LLC ("Pioneer"), and the *Motion for Partial Summary Judgment and Supporting Brief of Liberty Bankers Life Insurance Company* ["Liberty"] *Against Grencorp Management, Inc., Pioneer 40, LLC and Pioneer Austin East Development IC, Ltd.* (the "Motions"). The parties appeared through counsel and argued the Motions. The Court took the matter under advisement.

After carefully considering the arguments of counsel and applicable Texas law, the Court determines that Grencorp/Pioneer should prevail in both Motions.

The standards for a summary judgment are recited in the briefs of the parties and will not be repeated here.

The underlying facts are not in dispute.

The Grencorp lien was filed of record and is first in time. Liberty's deed of trust contained the wrong property description. At best, it holds an equitable lien. The Grencorp lien is superior to any equitable lien of Liberty. *Noble Mortg. & Invs.. LLC v. D & M Vision Invs., LLC*, 340 S.W.3d 65 (Tex. App.–Houston [1st Dist.] 2011, no writ).

The statute relied upon by Liberty, TEX. PROP. CODE § 13.001, does not get it to the place it desires. Grencorp is surely a "creditor" for purposes of the statute. *See, Omohundro v. Jackson*, 36 S.W.3d 677 (Tex. App.–El Paso 2001). And, Liberty is not a "subsequent purchaser for value" in the true sense. Rather, the maxim, "first in time, first in right," controls. To hold otherwise would do great damage to real estate and commercial transactions in Texas.

Accordingly, the Grencorp/Pioneer motion will be granted and Liberty motion will be denied.

This ruling is without prejudice to the rights of Cross-Claimant 20-20 Management Company, Inc., which will be determined at a later date.

Mr. Seckel should submit two (2) orders consistent with this ruling within seven (7) days.

###END OF FINDINGS AND CONCLUSIONS###